**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000066
08-OCT-2024
07:54 AM
Dkt. 105 SO**

NO. CAAP-20-0000066

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


FUCHE CORPORATION INC., dba C & J BBQ & RAMEN,
Plaintiff-Appellant,
v.
BILL HIN BI LEUNG, NOGUCHI & ASSOCIATES, INC.,
Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE
CORPORATIONS 1-10, and DOE ENTITIES 1-10,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC111000280)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

This appeal concerns orders entered on remand following a 2018 appeal.[1] The orders precluded general damages, punitive damages, and certain evidence, in connection with a second trial (**Second Trial**) arising out of the defendants' alleged failure to procure adequate insurance coverage for flood

_____

[1] Fuche Corp., Inc. v. Bill Hin Bi Leung, No. CAAP-15-0000406, 2018 WL 774648 (Haw. App. Feb. 8, 2018) (SDO) (**Fuche I**).

damage to a restaurant owned by Plaintiff-Appellant Fuche Corporation, Inc. (**Fuche Corp.**).

Fuche Corp. appeals from the February 10, 2020 "Amended Final Judgment" entered by the Circuit Court of the First Circuit (**Circuit Court**)[2] in favor of Defendants-Appellees Bill Hin Bi Leung (**Leung**) and Noguchi & Associates, Inc. (**Noguchi**) (together, **Defendants**).

On appeal, Fuche Corp. contends the Circuit Court erred by **(1)** granting Defendants' motions for summary judgment (**Second MSJ**) on general damages; **(2)** granting Leung's motion for judgment as a matter of law (**JMOL**) on punitive damages in the Second Trial; and **(3)** denying Fuche Corp.'s requests to introduce new evidence of attorney's fees pertinent to punitive damages in the Second Trial.[3]

Upon careful review of the record and the briefs submitted, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Fuche Corp.'s contentions as follows, and vacate and remand.

The appeal in Fuche I arose out of underlying trial proceedings in which there was a 2013 jury verdict in favor of Fuche Corp. on its claims for professional negligence and breach of contract, awarding Fuche Corp. special damages of $39,500, and general damages of $110,000 (less 10% for contributory negligence); the jury did not consider punitive damages because the trial court granted Defendants' JMOL on that issue; the general damages were reduced to zero via a post-trial motion for

---

[2]    The Honorable Dean E. Ochiai presided.

[3]    Though not properly identified as a point of error in conformity with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4), we nonetheless consider this argument. See Marvin v. Plfueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (affording liberal review to allow cases to be heard on the merits despite noncompliance with HRAP Rule 28, where remaining sections of the brief provide necessary information to identify the party's argument).

remittitur, and a new trial was ordered on general damages; and the trial court then granted the Defendants' MSJ on general damages in lieu of proceeding with the general-damages-only trial.  Fuche I, 2018 WL 774648, at *1-5.

In the 2018 Fuche I appeal, this court affirmed the order granting a new trial on general damages, vacated the JMOL on punitive damages as to Leung,[4] vacated the MSJ on general damages, and remanded for further proceedings.  See id. at *7. In vacating the JMOL on punitive damages, this court held the circuit court[5] erred because "there was sufficient evidence" presented at trial "to support an award of punitive damages," and thus, "the determination of whether Fuche Corp. presented clear and convincing evidence of wilful misconduct or an entire want of care raising a presumption of a conscious indifference to consequences by Leung should have been submitted to the jury."  Id. at *3.  In vacating the MSJ on general damages, this court held that the circuit court erred because there were genuine issues of material fact precluding summary judgment as to general damages, explaining that Defendants "did not establish that Fuche Corp. had no valid claim as to reputational harm sustained during the several months the restaurant was shut down while [Fuche Corp.'s owner] was awaiting to hear from Leung on the insurance claim."  Id. at *6 (footnote omitted).  In a footnote (**Footnote 4**) to the above passage, however, this court stated:  "We note that on remand, Fuche Corp. would need to show that its alleged reputational harm was caused by the lack of coverage as opposed to the underlying drain back-up causing the floods."  Id. at *6 n.4.

---

[4]     Fuche I affirmed Noguchi's motion for partial summary judgment on punitive damages.  2018 WL 774648, at *3-4.

[5]     Fuche I indicates that the Honorable Edwin C. Nacino presided over the 2013 jury trial and related proceedings.

Following the 2018 remand, on April 16, 2019, Defendants filed their Second MSJ as to general damages. They raised the same arguments as in the previous MSJ, but added the following argument based on Footnote 4:

> [I]n Footnote No. 4 of its Summary Disposition Order, the ICA also imposed the following burden of proof upon Plaintiff FUCHE with regard to its remaining claim for general damages:
>
> > We note that on remand, Fuche Corp. would **need to show that its alleged reputational harm was caused by the lack of coverage as opposed to the underlying drain back-up** causing the floods
>
> See, Exhibit "7," ICA Summary Disposition Order, Footnote No. 4 (p.10), emphasis added.
>
> Defendants contend insofar as Plaintiff FUCHE has failed to develop, much less offer any evidence, that its alleged reputational harm was caused by the lack of insurance coverage as opposed to the underlying drain back-up causing the floods, upon application of the burden of proof imposed upon Plaintiff FUCHE by the ICA in Footnote No. 4 of its Summary Disposition Order, there can be no genuine issue of any material fact that Defendants are entitled to summary judgment as a matter of law as to Plaintiff FUCHE's claim for general damages.

(First and last emphasis added) (**Footnote 4 argument**). Defendants attached pertinent trial transcripts from the 2013 jury trial to their Second MSJ. In opposition, Fuche Corp. argued that Defendants were ignoring the holding of Fuche I, that "[t]he extent of damages caused by tortious conduct normally constitutes a question of fact" for the jury, and that, insofar "as damages caused by lack of insurance can be proven at trial, [Fuche Corp.] is entitled to prove them up [sic]."

On July 8, 2019, the Circuit Court granted the Second MSJ as to general damages (**Order Granting Second MSJ**) adopting the Footnote 4 argument, finding that Fuche Corp. "did not introduce any evidence at trial" or in the declarations attached to the opposition memo "that any alleged reputational harm was caused by the lack of coverage as opposed to the underlying drain back-up causing the floods"; and concluding that Fuche

4

Corp. "has failed to offer any evidence that its alleged reputational harm was caused by the lack of insurance coverage as opposed to the underlying drain back-up causing the floods, sufficient to raise a genuine issue of material fact that [Fuche Corp.] is entitled to recovery of general damages in this civil action."

The Circuit Court then set trial on the remaining punitive damages claim (**Second Trial**), but denied Fuche Corp.'s request to introduce new evidence of testimony from its prior attorneys as to the reasonableness of their fees, reasoning that the scope of the Second Trial would not be expanded to include testimony not given at the previous trial.

The Circuit Court conducted the Second Trial on punitive damages, and after Fuche Corp. rested, Leung moved for JMOL (**Second Motion for JMOL**), which was granted. The November 12, 2019 order granting the motion under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 50(a)[6] (**Order Granting Second JMOL**) stated that Fuche Corp. "failed to prove by clear and convincing evidence that [] Leung acted wantonly, oppressively, with malice, willfully or gross negligence [sic] so as to have a

---

[6] HRCP Rule 50, entitled "Judgment as a Matter of Law in Jury Trials; Alternative Motion for New Trial; Conditional Rulings," states in pertinent part:

**(a) Judgment as a matter of law.**

(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

(2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

conscious indifference to the consequences of his alleged actions[,]" and thus, "there was no legally sufficient evidentiary basis" to submit the issue of punitive damages to the jury.  Following the entry of judgment as to the Order Granting Second MSJ and Order Granting Second JMOL, Fuche Corp. appealed.

(1)  Regarding the Order Granting Second MSJ, Fuche Corp. argues that this court already determined in Fuche I that the record evidence supporting general damages was sufficient to submit the claims to the jury to decide.  Fuche Corp. contends that, when an appellate court remands a case with instructions, "the lower tribunal only has the authority to carry out the appellate court's mandate[,]" and because the Circuit Court on remand granted summary judgment against Fuche Corp. on the claim for general damages based on the same testimony this court found sufficient to submit to the jury to decide, the Circuit Court "failed to 'carry out [that] mandate.'"  It further argues the Circuit Court erroneously interpreted footnote 4 of Fuche I as "creat[ing] a new and indispensable element for [Fuche Corp.]'s claims of reputational harm" that Fuche Corp. must prove to survive summary judgment.  Fuche Corp.'s argument has merit.

We review the grant or denial of summary judgment de novo.  Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawaiʻi 90, 96, 194 P.3d 531, 537 (2008).

In Fuche I, this court held that general damages "should have been submitted to the jury" as follows:

> Viewing the evidence in the light most favorable to the non-moving party, there are genuine issues of material fact precluding summary judgment.  At minimum, Leung and Noguchi did not establish that Fuche Corp. had no valid claim as to reputational harm sustained during the several months the restaurant was shut down while [Fuche Corp. owner] Chen was awaiting to hear from Leung on the insurance claim.  We therefore conclude that the circuit court erred when it granted Leung and Noguchi's summary judgment motion and determine that Fuche Corp.'s claim for general damages

6

> should have been submitted to the jury for determination of the facts surrounding the general damages claim. <u>See Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp.</u> [sic] 122 Wash.2d 299, 332, 858 P.2d 1054, 1071 (1993). ("<u>Damages for loss of professional reputation</u> are not the type of damages which can be proved with mathematical certainty and <u>are usually best left as a question of fact for the jury.</u>").

2018 WL 774648, at *6 (emphases added) (footnote omitted). Thus, this court clearly concluded that Fuche Corp. supplied sufficient evidence of a genuine factual dispute to submit the issue of general damages to the jury, and summary judgment was improper.  Accordingly, the Circuit Court erred in granting the Second MSJ on Fuche Corp.'s claim for general damages.  <u>See Nuuanu Valley Ass'n</u>, 119 Hawaiʻi at 96, 194 P.3d at 537.

**(2)** Regarding the Order Granting Second JMOL, Fuche Corp. argues that the Circuit Court applied the wrong legal standard in granting Leung's JMOL, and erred because <u>Fuche I</u> already determined that the 2013 trial record reflected "'sufficient evidence to support an award of punitive damages by the jury against Leung[.]'"  Fuche Corp.'s first argument has merit.

We apply the same standard as the trial court in reviewing the grant of a JMOL de novo.  <u>Aluminum Shake Roofing, Inc. v. Hirayasu</u>, 110 Hawaiʻi 248, 251, 131 P.3d 1230, 1233 (2006) (quoting <u>Miyamoto v. Lum</u>, 104 Hawaiʻi 1, 6-7, 84 P.3d 509, 514-515 (2004)).  In <u>Fuche I</u>, we stated:

> "A motion for JMOL may be granted only when after disregarding conflicting evidence, giving to the non-moving party's evidence all the value to which it is legally entitled, and indulging every legitimate inference which may be drawn from the evidence in the non-moving party's favor, it can be said that there is no evidence to support a jury verdict in his or her favor." Miyamoto, [sic] 104 Hawaiʻi at 7, 84 P.3d at 515 (quoting *Tabieros v. Clark Equipment* Co., 85 Hawaiʻi 336, 350, 944 P.2d 1279, 1293 (1997)).

7

> <u>Ray v. Kapiolani Med. Specialists</u>, 125 Hawai'i 253, 262,
> 259 P.3d 569, 578 (2011).

2018 WL 774648, at *2 (brackets omitted).  We also stated
that to recover punitive damages,

> [a plaintiff] must prove by clear and convincing
> evidence that the defendant has acted wantonly or
> oppressively or with such malice as implies a spirit
> of mischief or criminal indifference to civil
> obligations, or where there has been some wilful
> misconduct or that entire want of care which would
> raise the presumption of a conscious indifference to
> consequences.
>
> <u>Masaki v. General Motors Corp.</u>, 71 Haw. 1, 16-17, 780 P.2d
> 566, 575 (1989).

<u>Id.</u>  Thus, a trial court may only grant JMOL on the issue of
punitive damages if, disregarding all conflicting evidence, and
indulging all inferences in the non-movant's favor, there is "no
evidence" of "wilful misconduct" or "entire want of care" to
support a jury verdict of punitive damages; so long as there is
any evidence of such, it is for the factfinder to decide whether
such evidence meets the clear and convincing standard of proof
to justify an award of punitive damages.  <u>See</u> <u>id.</u>

Here, we conclude the Circuit Court did not apply the
correct legal standard in granting Leung's Second JMOL.  The
Circuit Court quoted and applied the clear and convincing
standard set forth <u>supra</u> from <u>Masaki</u>, 71 Haw. at 16-17, 780 P.2d
at 575, stating:

> <u>Proof of conduct necessary to support an award</u>
> <u>of punitive damages must be by clear and convincing</u>
> <u>evidence. That is the standard that I must apply in</u>
> <u>deciding at this point if this case moves forward to the</u>
> <u>jury</u>, which is the trier of fact.
>
> The testimony of Mr. Chen [(Fuche Corp owner)] and
> Ms. Lee [(Fuche Corp employee)] are factual, but they
> have not been able to testify as to the state of mind
> that Mr. Leung was operating under at the time of the
> alleged tortious conduct. None of them have been able to
> articulate any statements from Mr. Leung that indicate
> that he has acted wantonly, oppressively, with malice
> willfully or gross negligence so as to be -- have a
> conscious indifference to the consequences in this case.

8

> Mr. Leung has stated he made a mistake. He didn't get the requested insurance. It slipped through the cracks. And he has already admitted to that. There is already a judgment for negligence against him.
>
> Try as the Court may, in reviewing the testimony over the last day and this morning, I cannot find that there's any clear and convincing evidence warranting the imposition of punitive damages that goes to the jury. Clearly there's negligence. That has already been addressed.
>
> Therefore, the Court will grant the oral motion and rule as a matter of law that plaintiff has failed to meet his burden of proof of establishing by clear and convincing evidence that he is entitled to have the jury decide the issue of punitive damages.

(Emphases added). The Circuit Court did not cite to or apply the JMOL standard under HRCP Rule 50 set forth supra, and instead applied a trial burden of proof, of clear and convincing evidence under Masaki, to determine whether Fuche Corp. was "entitled to have the jury decide the issue of punitive damages." The Circuit Court improperly credited Leung's admissions that "he made a mistake" and that the insurance coverage "slipped through the cracks[,]" rather than disregarding conflicting evidence under the JMOL standard. See Ray, 125 Hawaiʻi at 262, 259 P.3d at 578. We conclude the Circuit Court erred by not applying the correct standard when ruling on the JMOL in this case. See Aluminum Shake Roofing, Inc., 110 Hawaiʻi at 251, 131 P.3d at 1233.

**(3)** Fuche Corp. contends the Circuit Court abused its discretion in denying its requests to introduce new evidence of attorney's fees at the punitive damages trial on remand.

We review the granting or denying of a motion in limine for abuse of discretion. Miyamoto, 104 Hawaiʻi at 7, 84 P.3d at 515. "[A] jury should be allowed to consider a plaintiff's attorney fees in determining the amount of a

9

punitive damages award." Kekona v. Bornemann, 135 Hawaiʻi 254, 264, 349 P.3d 361, 371 (2015) (citations omitted). Thus, evidence of attorney's fees is relevant to a punitive damages claim, and "[a]ll relevant evidence is admissible[.]" Hawaiʻi Rules of Evidence (**HRE**) Rule 402. However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." HRE Rule 403.

Here, when the Circuit Court denied Fuche Corp.'s motions in limine to introduce new testimony supporting attorney's fees, it reasoned that it had "previously ruled on that [issue,]" and stated that "no additional witnesses other than those in the [prior] trial" were allowed. It appears the Circuit Court was referring to its denial of Fuche Corp.'s previous motion to add additional witnesses, for which the court gave the following reason:

> This case is on remand. And the Court has stated at the very beginning that it's not going to enlarge this case at all. Whatever was done will be an instant replay as guided by the appellate court for the remaining issues that will be tried.
>
> I'm not going to enlarge it in any way. So accordingly keeping in line with what the appellate court has told us in this case and the procedure that I have elected to follow, the Court will deny the motion.

By limiting the retrial to an "instant replay" and declining to "enlarge" the scope "in any way[,]" the Circuit Court did not consider the relevance of the proffered new testimony on its merits. As attorney's fees are relevant to a punitive damages claim, see Kekona, 135 Hawaiʻi at 264, 349 P.3d at 371, the Circuit Court abused its discretion by excluding such evidence. See Miyamoto, 104 Hawaiʻi at 7, 84 P.3d at 515.

10

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Based on the foregoing, we vacate the Circuit Court of the First Circuit's (1) February 10, 2020 "Amended Final Judgment"; (2) July 8, 2019 "Order Granting Defendants Noguchi & Associates, Inc. and Bill Hin Bi Leung's Motion for Summary Judgment as to Plaintiff's Claim for General Damages Filed April 16, 2019"; and (3) November 12, 2019 "Order Granting Defendant Bill Hin Bi Leung['s] Oral Motion for Judgment as a Matter of Law made October 15, 2019." We remand for further proceedings in accordance with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, October 8, 2024.

On the briefs:

Peter Van Name Esser
for Plaintiff-Appellant

Patricia Kehau Wall
for Defendants-Appellees

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

11